UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JAMEL DIVINE ALI,

                Plaintiff,

      - against -

NEW YORK CITY HOUSING AUTHORITY;
MICHAEL ZUNNO, VP of Finance; NYCHA
LAW DEPARTMENT; COLLEN WILLIAMS;
PAULINE WATERTON; SUSAN M. AVERY;
GARY MARTON; RONALD W. PAZANT;
SONYA M. KALOYANIDES; JAMES BAILEY
and all authorize agents,

              Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
13-CV-5144 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

      Plaintiff, Jamel Divine Ali ("Plaintiff"), filed this action *pro se* on September 12, 2013 alleging that his August 2013 eviction from his apartment violated his constitutional rights and several federal statutes. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this order, but for the reasons discussed below, dismisses the action for lack of subject matter jurisdiction.

*BACKGROUND*

      This action arises from Plaintiff's tenancy at 241 Kingsborough, Apartment 4D, in Brooklyn, New York. Plaintiff was evicted from that apartment on August 16, 2013 pursuant to an eviction notice issued under index number Landlord/Tenant 73405/13 in the Civil Court of the City of New York, County of Kings. Plaintiff seeks monetary damages and various forms of equitable relief.

1

DISCUSSION

I.    *Plaintiff Lacks Subject Matter Jurisdiction*

Courts construe *pro se* pleadings liberally to raise the strongest arguments the complaint suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Notwithstanding the liberal pleading standard afforded to *pro se* litigants, Plaintiff must establish that the court has subject matter jurisdiction over the action. *Lyndonville Sav. Bank & Trust Co. v. Lussier,* 211 F.3d 697, 700–01 (2d Cir. 2000); *see also Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

"[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). "Where jurisdiction is lacking . . . dismissal is mandatory." *Manway Constr. Co. Inc. v. Housing Authority of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12 (h)(3).

Here, construed liberally, Plaintiff alleges the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.[1] "A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh,* 546 U.S. at 513 (citing *Bell v. Hood*, 327 U.S. 678, 681–85 (1946)). Plaintiff's challenge to his

---

[1] Federal jurisdiction is also available when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. However, to the extent Plaintiff attempts to invoke diversity jurisdiction, the Court notes that Plaintiff and defendants are citizens of New York, which precludes the exercise of diversity jurisdiction under 28 U.S.C. § 1332.

eviction arises under state law, and this Court therefore lacks jurisdiction over Plaintiff's claims. *McMillan v. Dep't of Bldgs.*, No. 12 CV 318, 2012 WL 1450407, at *2 (E.D.N.Y. Apr. 26, 2012) (federal court lacks jurisdiction over eviction proceedings); *Kheyn v. City of New York*, Nos. 10 CV 3233-34, 2010 WL 3034652 (E.D.N.Y. Aug. 2, 2010) (citing cases); *Rosquist v. St. Marks Realty Assoc., LLC*, No. 08 CV 2764, 2008 WL 2965435 (E.D.N.Y. Aug. 1, 2008) (citations omitted) (finding no subject matter jurisdiction over claims arising from Plaintiff's disputes with his landlord and an eviction proceeding); *see also Southerland v. NYCHA,* No. 10 CV 5243, 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7, 2011) (same); *Oliver v. NYCHA*, No. 10 CV 3204, 2011 WL 839110, at *3 (E.D.N.Y. Mar. 2, 2011) (same); *Rosen v. North Shore Tower Apts.*, No. 11 CV 752, 2011 WL 2550733, at *4 (E.D.N.Y. June 27, 2011) (same). Even allowing the *pro se* complaint a liberal reading, there is a complete absence of facts suggesting the existence of a colorable federal claim.[2] *See Rene,* 32 F. Supp. 2d 539, 541–42.

To the extent Plaintiff's claims invite district court review and rejection of the state eviction judgment, this Court's jurisdiction is further prevented under the *Rooker-Feldman* doctrine, which prohibits lower federal courts from reviewing final state court judgments. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005); *see also McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010) ("[T]he *Rooker-Feldman* doctrine deprives a federal court of jurisdiction to consider a plaintiff's claim" in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

---

[2] Other federal statutes Plaintiff relies on for relief, for example the federal criminal code, provide no private right of action. A private citizen does not have a constitutional right to initiate or to compel the initiation of criminal proceedings against another individual. *See Leeke v. Timmerman*, 454 U.S. 83 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Ostrowski v. Mehltretter*, 20 F. App'x 87, 91 (2d Cir. 2001). Still others are merely listed without any factual support or discussion.

proceedings commenced and inviting district court review of those judgments." (internal quotation marks and citations omitted)). The United States Supreme Court is vested under 28 U.S.C. § 1257 with jurisdiction over appeals from final state-court judgments and review of such judgments may be had only in the Supreme Court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). District courts, such as this one, are precluded from exercising appellate jurisdiction over final state-court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005), *see also Murphy v. Riso*, No. 11-CV-0873, 2012 WL 94551, at *6 (E.D.N.Y. Jan. 12, 2012) (noting that "numerous courts in this Circuit . . . have consistently held that attacks on a judgment of foreclosure are barred by the *Rooker-Feldman* doctrine" and listing cases); *see also Swiatkowski v. New York*, 160 F. App'x 30, 32 (2d Cir. 2005) (affirming dismissal on *Rooker–Feldman* grounds where Plaintiffs alleged "various civil and constitutional rights violations" but their claims "essentially amount[ed] to an objection to the disposition of the foreclosure action" by the state court)).

## CONCLUSION

Accordingly, this action is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case and to enter judgment.

SO ORDERED.

                                                                  Pamela K.Chen  
                                                                  United States District Judge

Dated: Brooklyn, New York  
       October 3, 2013